CITY OF HAWARDEN, Appellee, v. R. E. BETZ et al., Appellants.

**HIGHWAYS:** Duty to Maintain—Removal of Lateral Support—
1  Nuisance—Injunction.  Excavations which will naturally encroach upon the lateral support of a highway, and thereby permanently injure it, will be enjoined as a nuisance, especially when carried below the natural water level, with resultant stagnant water near city residence property.

**MUNICIPAL CORPORATIONS:** Ordinances—Enjoining Violation.

2    The violation of an ordinance will not be enjoined when it
adds nothing to existing valid state law or is unconstitutional
because unduly arbitrary.

*Appeal from Sioux District Court.*—WM. HUTCHINSON,
Judge.

OCTOBER 27, 1917.

REHEARING DENIED FEBRUARY 8, 1918.

SUIT in equity to enjoin a nuisance in the operation of a sand pit within the corporate limits of the plaintiff town. There was a decree for the plaintiff, and the defendant appeals.—*Modified and affirmed, and remanded.*

*Jepson & Stecker, Snell & Randall,* and *Van Oosterhout & Kolyn,* for appellants.

*C. E. Gantt,* for appellee.

1. HIGHWAYS:
duty to main
tain: removal
of lateral
support: nui-
sance: in-
junction.

EVANS, J.—I.    The charge of the petition is twofold. The first charges the maintenance of a nuisance in the operation of the pit; the second charges the breach of an ordinance in the operation of such pit. The petition prays, not only that the nuisance be enjoined, but that the violation of such ordinance be also enjoined. Relief was granted to the plaintiff on both grounds, in accord with the prayer of its petition. The defendant is operating a sand pit within the corporate limits of the plaintiff city. The defendant's tract comprises about 10 acres, being a long strip about 200 feet wide. It was purchased by the defendant for the purpose of operating a sand pit therein, and was improved accordingly, at an expense of $8,000 or $9,000. The immediate locality is not thickly populated. Two railroad right of ways are close at hand, and beyond them are a few residences. Along the west line of defendant's strip for its full length runs a street, or highway. The top soil is a black loam for a depth of 3 or 4 feet. Below that is a

bed of sand and gravel. The surface of the ground is practically level. The general water level in this locality is 16 feet below the surface. The defendant has already removed a large amount of sand, and has excavated to a depth in some places of 18 feet, and in other places of 16 feet. More or less water necessarily stands wherever the excavation has reached the depth of 16 feet. The excavation as now made extends to within a few feet of the highway. The testimony fairly shows that a pit excavated to that depth in that soil will cave at the sides indefinitely, and to a distance of 20, 30 or more feet. · We think the testimony fairly shows that the natural and probable result of the excavation as made will be to injure the adjacent highway. The sand being removed and shipped away, there can be no filling of the excavation without prohibitive expense. The water level being exposed, and pools of water being thereby formed, there is no method by which the same can be drained, except by continual pumping. It is manifest, therefore, that the pit as operated resulted in more or less stagnant water, and that it tended to destroy the lateral support of all adjoining land. We think that the decree of the trial court can, therefore, be sustained in its finding of a nuisance, and the enjoining of the same. Whether the defendant can so operate its pit to a qualified degree so as not to cause a nuisance, is a question upon which we cannot speculate.

II. Turning now to the ordinance, we find that Section 1 thereof is as follows: .

2. MUNICIPAL CORPORATIONS: ordinances: enjoining violation.

"It shall be unlawful for any person, firm or corporation to excavate within the corporate limits of the city of Hawarden any hole or pit, extending below the established grade of the adjacent road, streets or alleys, or to enlarge or extend such hole or pit, now excavated, for the purpose of removing sand, gravel or other materials, without first obtaining from the city council a permit to so excavate."

It appears to be very sweeping and arbitrary in its terms. Under its terms, a landowner could not dig a post hole without a permit. We think the plaintiff city added nothing to its power over the defendant by the passage of this ordinance. If it be construed as forbidding nuisances to be created, its passage was unnecessary. If it be construed as forbidding lawful and harmless acts, it must be deemed as an unreasonable exercise of the legislative power by the city council.

So far, therefore, as the decree enjoined the violation of such ordinance, it will be modified, and such provisions of the decree will be eliminated. In so far as such decree enjoined the defendant from maintaining a nuisance, it will be affirmed.—*Modified and affirmed and cause remanded.*

. GAYNOR, C. J., LADD and SALINGER, JJ., concur.